UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARIE DECELIEN,

                Plaintiffs,

   -against-

TARGET STORE #1808, TARGET STORES, TARGET
CORPORATION AND TARGET CORPORATE SERVICES,
INC.,

                Defendants.
------------------------------------------------------------X

CIVIL ACTION

Case No.:

**13 CV 9215**

JUDGE SEIBEL

## NOTICE FOR REMOVAL

      Defendants, TARGET STORE #1808, TARGET STORES, TARGET CORPORATION AND TARGET CORPORATE SERVICES, INC., (collectively "Target"), by its attorneys, FISHMAN MCINTYRE P.C., respectfully petition the United States District Court, Southern District of New York, upon information and belief, as follows:

      1. Plaintiff's Summons and Verified Complaint was first received by Target on December 12, 2013.

      2. This case was commenced on December 6, 2013 in the Supreme Court of the State of New York, County of Rockland. The suit is identified in the Supreme Court as *MARIE DECELIEN v. TARGET STORE #1808, TARGET STORES, TARGET CORPORATION AND TARGET CORPORATE SERVICES, INC.*, Index Number 036217/2013. A true copy of Plaintiff's Summons and Verified Complaint is cumulatively annexed hereto as "**Exhibit A**".

      3. The filing of this Notice for Removal is timely because it is filed within thirty (30) days of the date Target first received notice of the lawsuit.

      4. The Plaintiff's Complaint in the Supreme Court of the State of New York, County of Rockland, asserts monetary damages relating to personal injuries in a non-specified amount. However, Plaintiff specifically claims that as a result of the incident complained of therein, the Plaintiff was caused to sustain "severe and serious injuries and was required to seek and obtain medical care and attention". (*See*

"**Exhibit A**" hereto at para. 42.) As such, Target believes that amount of controversy herein exceeds $75,000.00, exclusive of interest and costs.

5. The Plaintiff, as alleged in Summons and Verified Complaint annexed hereto as Exhibit A, claims to be an individual citizen of the State of New York. (*See* Exhibit A, para. 1.) Defendant, Target is a corporation of the State of Minnesota with its principal place of business in Minneapolis, Minnesota. This action is therefore between a citizen of the State of New York on one hand, and a corporation of another state, Minnesota, on the other hand.

**WHEREFORE**, Petitioner TARGET, Defendant in the action described herein now pending in the Supreme Court of the State of New York, County of Rockland, under Index Number 036217/2013, prays that this action be removed therefrom to this Honorable Court.

Dated: New York, New York
December 27, 2013

                                        Yours etc.,

                                        MITCHELL B. LEVINE (ML 0998)
                                        FISHMAN MCINTYRE P.C.
                                        Attorney for Defendants
                                        "TARGET"
                                        44 Wall Street, 12th Floor
                                        New York, New York 10005
                                        (212) 461-7190
                                        File No.: TARN-72-ML

TO:    Harmon Linder & Rogowsky
         Attorneys for Plaintiff
         42 Broadway, Suite 1227
         New York, New York 10004

         Supreme Court, Rockland County
         1 South Main Street
         New City, New York 10956

## ATTORNEY'S AFFIRMATION

Mitchell B. Levine, hereby affirms, under penalties of perjury, that a true copy of Plaintiff's Summons and Verified Complaint filed in the Supreme Court of the State of New York, County of Rockland, is annexed hereto as "**Exhibit A**".

Dated: New York, New York
December 27, 2013

_____
MITCHELL B. LEVINE

## *AFFIDAVIT OF SERVICE*

STATE OF NEW YORK      )
                       ) SS.:
COUNTY OF NEW YORK     )

**VERONICA A. TERPPE**, being duly sworn deposes and says:

I am not a party to this action. I am over eighteen years of age and I am employed by FISHMAN McINTYRE, P.C., at 44 Wall Street, 12th Floor, New York, New York 10005

On December 30, 2013 I served the within **CASE INFORMATION STATEMENT, NOTICE OF REMOVAL WITH EXHIBITS AND RULE 7.1** by depositing a true copy thereof in a post-paid wrapper in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to each of the attorneys listed below, at their designated or last known addresses set forth below their names.

Harmon Linder & Rogowsky
Attorneys for Plaintiff
42 Broadway, Suite 1227
New York, New York 10004

_____
VERONICA A. TERPPE

Sworn to before me this
30 day of December, 2013

_____
MITCHELL B. LEVINE
Notary Public, State of New York
No. 02LE6211316
Qualified in New York County
Commission Expires 9/14/17

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

036217/2013
Fld 12/6/13

MARIE DECELIEN,

            Plaintiff(s),

against

TARGET STORE #1808, TARGET STORES,
TARGET CORPORATION and
TARGET CORPORATE SERVICES, INC.,
            Defendant(s).

Plaintiff designates
COUNTY OF ROCKLAND
As the place of trial
The basis of the venue is
PLAINTIFF'S residence

**SUMMONS**

Plaintiff's residence is
94 N. Main Street
Spring Valley, NY 10977
County of Rockland

To the above named Defendant(s)

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's Attorney(s) within 20 days after the service of this summons, excluded of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer a judgment will be taken against you by default for the relief demanded in the complaint.

Date: December 2, 2013

Mark J. Linder, Esq.
HARMON, LINDER & ROGOWSKY
Attorneys for Plaintiff(s)
42 Broadway, Suite 1227
New York, NY 10004

Defendants' address:
TARGET STORE #1808
50 Spring Valley Market Place
Spring Valley, NY 10977

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------x
MARIE DECELIEN,

                          Plaintiff,

      -against-                         **VERIFIED**
                                             **COMPLAINT**
                                             Index No.:

TARGET STORE #1808, TARGET STORES,
TARGET CORPORATION and
TARGET CORPORATE SERVICES, INC.,

                          Defendants.
-------------------------------------------------------------x

       Plaintiff complaining of the defendants herein, by her attorneys HARMON, LINDER &

ROGOWSKY, respectfully set forth and allege as follows:

### AS AND FOR A CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF

1.    That at the time of the commencement of this action plaintiff was a resident of the County of Rockland City and State of New York.

2.    Defendant Target Store #1808 is a business entity existing under and by virtue of the laws of the State of New York; said defendant is conducting business in the State of New York.

2.    Defendant TARGET STORES was and still is a foreign business corporation organized in Minnesota and existing under and by virtue of the laws of the State of New York; said defendant is conducting business in the State of New York.

3.    Defendant TARGET CORPORATION was and still is a foreign business corporation organized in Minnesota and existing under and by virtue of the laws of the State of New York.

4.    Defendant TARGET CORPORATE SERVICES, INC. was and still is a foreign

business corporation organized in Minnesota and existing under and by virtue of the laws of the State of New York.

5. At all relevant times, the location that gave rise to this action was the main aisle floor area between "A" and "C" of Target Store #1808 located upon the lands and premises at 50 Spring Valley Market Place, Spring Valley, in the County of Rockland and State of New York.

6. That on July 26, 2013 at approximately 12:35 P.M. while the plaintiff herein was lawfully walking upon the floor in the above noted area of the aforesaid premises when she was caused to slip and fall on water/slippery substances on the floor of said area and thereby sustain severe injuries as herein after set forth, due to the sole negligence of the defendants herein.

7. The defendants, at all relevant times, and for a significant period prior thereto, permitted the above noted area floors of the aforesaid location to remain wet and slippery.

8. The defendants knew or should have known of the dangerous condition of floors being slippery when wet.

9. The defendants, at the time of the accident, negligently permitted the floor in the above noted area to remain in a wet, slippery, and dangerous condition, and failed to correct the condition. The defendants had actual and constructive notice of the condition on the day of the accident.

10. Defendants breached their duty of care to the plaintiff by (1) permitting and allowing the floor of the premises to become and remain in a wet, slippery, negligent, defective, and dangerous condition; (2) in failing to cover the floor with rubber matting for the purpose of safeguarding the person or persons having occasion to enter the premises; (3) in failing to take precautions to remedy the danger of the above noted area floor which was inherently

dangerous when wet; and (4) failing to exercise reasonable care, diligence and prudence in the premises.

11. That at all times herein mentioned defendant, TARGET STORE #1808, owned certain lands and/or premises at the aforesaid location.

12. That at all times herein mentioned defendant, TARGET STORE #1808, operated certain lands and/or premises at the aforesaid location.

13. That at all times herein mentioned defendant, TARGET STORE #1808, managed certain lands and/or premises at the aforesaid location.

14. That at all times herein mentioned defendant, TARGET STORE #1808, maintained certain lands and/or premises at the aforesaid location.

15. That at all times herein mentioned defendant, TARGET STORE #1808, controlled certain lands and/or premises at the aforesaid location.

16. That at all times herein mentioned defendant, TARGET STORE #1808, through its acts and/or omissions inadequately and/or improperly owned, operated, managed, maintained and controlled certain lands and/or premises at the aforesaid location.

17. That at all times herein mentioned defendant, TARGET STORE #1808, through its acts and or omissions, negligently, carelessly, inadequately and or improperly repaired/cleaned/inspected and or failed to repair/clean/inspect certain lands and or premises including the floors and aisles of the premises located at the aforementioned location

18. That at all times herein mentioned defendant, TARGET STORES, owned certain lands and/or premises at the aforesaid location.

19. That at all times herein mentioned defendant, TARGET STORES, operated certain lands and/or premises at the aforesaid location.

20. That at all times herein mentioned defendant, TARGET STORES, managed certain lands and/or premises at the aforesaid location.

21. That at all times herein mentioned defendant, TARGET STORES, maintained certain lands and/or premises at the aforesaid location.

22. That at all times herein mentioned defendant, TARGET STORES, controlled certain lands and/or premises at the aforesaid location.

23. That at all times herein mentioned defendant, TARGET STORES, through its acts and/or omissions inadequately and/or improperly owned, operated, managed, maintained and controlled certain lands and/or premises at the aforesaid location.

24. That at all times herein mentioned defendant, TARGET STORES, through its acts and or omissions, negligently, carelessly, inadequately and or improperly repaired/cleaned/inspected and or failed to repair/clean/inspect certain lands and or premises including the floors and aisles of the premises located at the aforementioned location.

25. That at all times herein mentioned defendant, TARGET CORPORATION, owned certain lands and/or premises at the aforesaid location.

26. That at all times herein mentioned defendant, TARGET CORPORATION, operated certain lands and/or premises at the aforesaid location.

27. That at all times herein mentioned defendant, TARGET CORPORATION, managed certain lands and/or premises at the aforesaid location.

28. That at all times herein mentioned defendant, TARGET CORPORATION, maintained certain lands and/or premises at the aforesaid location.

29. That at all times herein mentioned defendant, TARGET CORPORATION, controlled certain lands and/or premises at the aforesaid location.

30. That at all times herein mentioned defendant, TARGET CORPORATION, through its acts and/or omissions inadequately and/or improperly owned, operated, managed, maintained and controlled certain lands and/or premises at the aforesaid location.

31. That at all times herein mentioned defendant, TARGET CORPORATION, through its acts and or omissions, negligently, carelessly, inadequately and or improperly repaired/cleaned/inspected and or failed to repair/clean/inspect certain lands and or premises including the floors and aisles of the premises located at the aforementioned location.

32. That at all times herein mentioned defendant, TARGET CORPORATE SERVICES, INC., owned certain lands and/or premises at the aforesaid location.

33. That at all times herein mentioned defendant, TARGET CORPORATE SERVICES, INC., operated certain lands and/or premises at the aforesaid location.

34. That at all times herein mentioned defendant, TARGET CORPORATE SERVICES, INC., managed certain lands and/or premises at the aforesaid location.

35. That at all times herein mentioned defendant, TARGET CORPORATE SERVICES, INC., maintained certain lands and/or premises at the aforesaid location.

36. That at all times herein mentioned defendant, TARGET CORPORATE SERVICES, INC., controlled certain lands and/or premises at the aforesaid location.

37. That at all times herein mentioned defendant, TARGET CORPORATE SERVICES, INC., through its acts and/or omissions inadequately and/or improperly owned, operated, managed, maintained and controlled certain lands and/or premises at the aforesaid location.

38. That at all times herein mentioned defendant, TARGET CORPORATE SERVICES, INC., through its acts and or omissions, negligently, carelessly, inadequately and or improperly repaired/cleaned/inspected and or failed to repair/clean/inspect certain lands and or premises including the floors and aisles of the premises located at the aforementioned location

39. That the defendants mentioned herein were at all times under a duty to keep the aforementioned lands and/or premises, specifically the above noted area floors of said premises, in a safe, proper and secured manner to prevent injury to the plaintiff and others; in a cleaned condition free from wet and/or slippery substances.

40. That at all times herein mentioned defendants, their agents, servants and/or employees thorough their acts and/or omissions were careless and negligent ownership, operation and control of the aforesaid premises in causing, allowing and/or permitting the aforesaid premises to become and remain in dangerous condition, wet/slippery substance covered, dilapidated, unmaintained, negligent, improper and/or unsafe condition; in failing to make proper, adequate, timely and necessary cleaning; in causing, allowing and/or permitting aforesaid premises to be and remain in a hazardous condition; in failing to make proper, timely and adequate inspection thereof; in failing to maintain the aforesaid premises in a proper manner; in the negligent and dangerous design, installation, maintenance and management of the aforesaid area; in failing to set up proper safeguards and/or barriers; in allowing and/or failing to amend a reoccurring condition of wet, slippery,

and dangerous condition on the floor of the premises, in failing to warn persons lawfully traversing the area of the aforesaid dangerous and hazardous condition; in having insufficient and inadequate manpower; in failing to protect invitee of said area; in creating a nuisance or trap; in failing to provide and/or use proper equipment; and in otherwise failing to use due care, caution and prudence on the premises.

42. That as a result of the foregoing, the plaintiff was caused to and did sustain severe and serious injuries and was required to seek and obtain medical care and attention in an effort to cure and alleviate same and, upon information and belief will be compelled to do so in the future.

43. That this occurrence and the injuries sustained by the plaintiff were caused wholly and solely by the negligence of defendants.

44. That this action falls within one or more of the exceptions set forth in Section 1602 of the CPLR.

45. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against the defendants on the Cause of Action all together with the costs and disbursements of this action.

Dated: New York, New York
December 2, 2013

Mark J. Linder, Esq.
**HARMON, LINDER & ROGOWSKY**
Attorneys for Plaintiff
42 Broadway, Suite 1227
New York, NY 10004
MJL/ACD

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF NEW YORK  )

I, the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that:

I am the attorney of record or of counsel with the attorney(s) of record for the plaintiff.

I have read the annexed SUMMONS AND COMPLAINT and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief. As to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge is based upon the following:

Interviews and/or discussions held with the plaintiff(s) and papers and/or documents in the file.

The reason I make this affirmation instead of the plaintiff is because said plaintiff resides outside of the county from where your deponent maintains his office for the practice of law.

Dated:   New York, NY
         December 5, 2013

_____
Mark J. Linder, Esq.

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

---

MARIE DECELIEN,

Plaintiff(s),

-against-

TARGET STORE #1808, TARGET STORES,
TARGET CORPORATION and
TARGET CORPORATE SERVICES, INC.,

Defendant(s).

---

## VERIFIED SUMMONS AND COMPLAINT

---

HARMON, LINDER & ROGOWSKY
Attorneys for Plaintiff
42 Broadway, Suite 1227
New York, NY 10004
Tel: (212) 732-3665   Fax: (212) 732-1462

---

To:
Attorney(s) for

Service of a Copy of the within                                is hereby admitted.

Dated:
                                                                Attorneys for

---

PLEASE TAKE NOTICE:

NOTICE OF ENTRY — That the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on        20

NOTICE OF SETTLEMENT — that an order of which the within is a true copy will be presented for settlement to the
Hon.                    one of the Judges of the within named Court, on
     20    , at       M.

Dated:

HARMON, LINDER & ROGOWSKY
Attorneys for Plaintiff
42 Broadway, Suite 1227
New York, NY 10004
Tel: (212) 732-3665   Fax: (212) 732-1462